ABEL WARREN ᴇᴛ ᴀʟ. ᴠ. ATLANTIC COAST LINE RAILROAD CO.

(Filed 12 January, 1944.)

**Courts § 2b: Utilities Commission § 4—**

> As a general rule, where a matter is committed to an administrative agency, one, who fails to exhaust the remedies provided before such agency and by appeal, will not be heard in equity to challenge the validity of its orders.

Aᴘᴘᴇᴀʟ by plaintiff from *Stevens, J.,* in Chambers at Jacksonville, 2 December, 1943. From Sᴀᴍᴘsᴏɴ.

Civil action to restrain substitution of intrastate mixed train service for intrastate passenger service between Wilmington and Fayetteville as allowed by order of Utilities Commission.

By written petition dated 31 July, 1943, the defendant sought permission from the Utilities Commission, for military reasons, to divert the use of the equipment in trains 57-56 operating between Wilmington and Fayetteville to trains 46-45 operating between Wilmington and Rocky Mount. This was denied by the Commission on 10 September, 1943, and the defendant was ordered to show cause why additional passenger service should not be installed between Wilmington and Rocky Mount.

Thereafter, and while the order to show cause was still pending, the defendant applied for a modification of the order of 10 September, 1943, requesting that mixed train service, during the war period and for six months thereafter, be authorized and substituted for the passenger service, trains 57-56, maintained between Wilmington and Fayetteville.

A hearing was ordered on this application for modification of prior orders, and all interested parties were notified of the hearing.

Two counties, Sampson and Cumberland, a number of municipalities along the line involved, the Fayetteville Chamber of Commerce and two individuals, claiming to represent 40,000 citizens in the territory affected, intervened and were made parties to the proceeding. The interveners were represented by the same counsel who now appear for the plaintiff in the present action.

At the hearing before the Utilities Commission on the petition for modification of order, the plaintiff herein, Abel Warren, testified as a witness in behalf of himself and the interveners.

On 17 November, 1943, the application of the defendant to substitute mixed train service for the then existing passenger service between Wilmington and Fayetteville, for a limited period, was allowed by the Commission with certain restrictions and limitations. To this order, the interveners filed exceptions, which had not been acted upon at the time of the institution of the present suit.

The gravamen of the complaint filed herein is that the order of the Utilities Commission of 17 November, 1943, was without authority in that the prior order of 10 September settled the matter and became *res judicata*. See *A. C. L. R. R. v. U. S.*, 211 U. S., 210, 53 L. Ed., 150; "*Railroad Connection Case*," 137 N. C., 1, 49 S. E., 191. Plaintiff also alleges that he has no adequate remedy at law and that he represents 40,000 citizens in the area affected.

The temporary restraining order was dissolved on the return hearing, and from this ruling the plaintiff appeals, assigning error.

*Butler & Butler, W. C. Downing, and Robert H. Dye for plaintiff, appellant.*

*Murray Allen and Thomas W. Davis for defendant, appellee.*

STACY, C. J. The matter here sought to be litigated is pending before the Utilities Commission, with adequate remedy of appeal by any affected party. C. S., 1097. Even if it be conceded that equity might intervene in certain circumstances, 43 Am. Jur., 720, the present showing is not sufficient to invoke its aid.

As a general rule, where a matter is committed to an administrative agency, one who fails to exhaust the remedies provided before such

agency will not be heard in equity to challenge the validity of its orders. *Garysburg Mfg. Co. v. Comrs. of Pender County,* 196 N. C., 744, 147 S. E., 284; *Mfg. Co. v. Comrs.,* 189 N. C., 99, 126 S. E., 114; *Sykes v. Jenny Wren Co.,* 64 App. D. C., 379, 78 F. (2d), 729; *Switchman's Union of N. A. v. Nat. Mediation Bd.,* ...... U. S., ......, 88 Law Ed., Adv. Op. 89.

It is not contended that the order of the Utilities Commission is *ultra vires,* as was the case in *S. v. Scott,* 182 N. C., 865, 109 S. E., 789, cited and relied upon by the plaintiff. Nor is it alleged that the Commission acted arbitrarily or invaded any of plaintiff's constitutional rights. 28 Am. Jur., 242. If erroneous or unreasonable, the remedy is by appeal.

In *Chicago v. O'Connell,* 278 Ill., 591, 116 N. E., 210, it was said: "The statutory method of reviewing the reasonableness of orders of the Commission is exclusive." See *Utilities Com. v. Great Southern Trucking Co., ante,* 687.

Plaintiff has shown no ground for equitable relief. The temporary restraining order was properly dissolved.

Affirmed.