CORNELIUS N. SINODIS AND NICHOLAS J. FERMANIDES, T/A LAS VAGAS INN, PETITIONER v. STATE BOARD OF ALCOHOLIC CONTROL, MALT BEVERAGE DIVISION, RESPONDENTS.

(Filed 12 December 1962.)

1. **Constitutional Law § 24; Intoxicating Liquor § 2— Hearing by examiner for State Board of Alcoholic Control satisfies requirements of due process.**

   A hearing by an examiner for the State Alcoholic Control Board, under provisions of statute and the rules promulgated pursuant thereto, of which hearing the permittee is given notice, is represented by counsel, introduces evidence, cross-examines the adverse witnesses, all witnesses being sworn, with right to object and except to any ruling and argue the matter, *is held* sufficient to meet the requirements of due process of law, G.S. 18-135, G.S. 18-137, G.S. 18-138, G.S. 143-306, and, in the absence of a request by the permittee for a copy of the examiner's summary of the evidence and his recommended findings of fact, permittee may not complain that he was not furnished a copy of the examiner's report before review by the State Board. Constitution of North Carolina, Art. 1, § 17.

2. **Intoxicating Liquor § 2—**

   The holder of a permit to sell malt beverages is entitled to a copy of the findings and recommendations of the examiner for the State Alcoholic Control Board only upon his request, and in the absence of such request, the State is not under duty to serve respondent with such copy.

3. **Same; Administrative Law § 4—**

   The holder of a permit to sell malt beverages is entitled, after a hearing by an examiner for the Board of charges of violations of law warranting a revocation of permit, to request a hearing by the Board, and when he does not request such hearing after notice of the date the Board would

consider the matter, his application for judicial review under G.S. 143-307 must be dismissed for failure to exhaust available administrative remedies.

APPEAL by respondents from Clark (Edward B.), S.J., May Assigned Civil Term 1962 of WAKE.

Petitioners held a permit to sell malt beverages for consumption on their premises known as Las Vagas Inn. On 30 May 1961 the chairman of the State Board of Alcoholic Control (hereafter Board) notified petitioners they were charged with violations of G.S. 18-78 and 78.1, which, if established, would warrant revocation of their permit. The notice fixed the time and place for hearing the charges. Petitioners were informed they might offer evidence, and the evidence given at the hearing would be transmitted to the Board for appropriate action. The notice specifically stated it was given as required by G.S. 18-137.

The assistant director conducted a hearing at the time and place fixed in the notice. Evidence sufficient to establish the sale of beer to an intoxicated customer named in the charges and failure of licensees to properly supervise the operation of their business was offered by respondents.

Petitioner Fermanides testified at the hearing. Petitioners were represented by counsel. Other witnesses testified for petitioners. Adverse witnesses were cross-examined.

After the evidence was concluded, counsel for petitioners argued the cause of his clients. The hearing examiner then inquired if there was anything further, and, receiving a negative reply, he said: "The evidence taken here today in this case will be presented to the State ABC Board at its next regular meeting which is now scheduled for July 7. At that time the Board will review the evidence taken here today. They will make their decision, and the Chairman of the State ABC Board will notify Mr. Fermanides and Mr. Sinodis by mail in regards to their decision and will send you a copy."

The hearing examiner transmitted the evidence, tentative findings, and recommendations to the Board. At its meeting on 7 July 1961 the Board reviewed the evidence taken by the hearing examiner, found as a fact that petitioners had violated the statutory provisions as charged, and thereupon suspended the permit to sell malt beverages for a period of 45 days, effective July 21, 1961.

In due time petitioners filed a petition for judicial review as permitted by G.S. 143-306 et seq. In their petition for review they assert they had no opportunity to see the hearing commissioner's summary of the evidence and his recommended findings of fact nor to appear

before the Board before it acted, and for these reasons the statutory proceeding which permits revocation or suspension of license for the sale of malt beverages violates the provision of the Constitution of North Carolina and the Constitution of the United States "for the reason the same denies the petitioners herein a proper hearing as required by the due process clauses of the constitutions."

Respondents filed certified copy of the entire record, including the testimony taken at the hearing conducted by the assistant director consisting of questions and answers.

Judge Clark reviewed the record as certified by the Board. After reciting the facts stated above, he found petitioners were not furnished a copy of the hearing officer's proposed findings nor were they afforded an opportunity to appear before the Board to argue the facts and law.

The court, being of the opinion that the statutes authorizing the suspension or revocation of permits to sell malt beverages were unconstitutional, entered judgment dismissing the proceedings against petitioners. Respondents excepted and appealed.

*Bailey and Dixon by J. Ruffin Bailey for petitioner appellees.*

*Attorney General Bruton and Staff Attorney Sanders for respondent appellants.*

Rodman, J.   The factual situation disclosed by this record does not require an answer to the question: May a permit to sell intoxicating beverages be suspended or cancelled without notice and hearing? Seemingly, a majority of the courts, when called upon to decide, have answered in the negative. See Annotation entitled "Right to hearing before revocation or suspension of liquor license," 35 A.L.R. 2d 1067. 30 Am. Jur. 638.

The Legislature of 1933 declared the policy of this State on the revocation of licenses for the sale of beer. It said such a license could be revoked only "after the licensee has been given an opportunity to be heard in his self-defense." c. 319, sec. 15, P.L. 1933. The policy then declared with respect to the revocation or suspension of permits to sell beer has been expressed in more detail in subsequent legislation. The right of a permittee to a hearing on charges warranting a suspension or revocation now appears as G.S. 18-135 and 137. These were sections 6 and 8, c. 974, S.L. 1949. The rights given by those statutes were supplemented by c. 1094, S.L. 1953, now G.S. 143-306 *et seq.,* giving those adversely affected by administrative decisions the right to judicial review.

Since the statutes expressly accord the permittee the right to a hearing, the only questions for determination are: (1) What kind of

hearing does the statute contemplate? (2) Have petitioners been denied a hearing of the kind contemplated by the statute?

The 1949 Legislature, when it wrote the present statutes, might not have been familiar with the language of Chief Justice Hughes in *Morgan v. U.S.*, 298 U.S. 468, 80 L. ed. 1288, but we think it intended to provide a hearing of the kind described by him. He said: "The requirement of a 'full hearing' has obvious reference to the tradition of judicial proceedings in which evidence is received and weighed by the trier of the facts. The 'hearing' is designed to afford the safeguard that the one who decides shall be bound in good conscience to consider the evidence, to be guided by that alone, and to reach his conclusion uninfluenced by extraneous considerations which in other fields might have play in determining purely executive action. The 'hearing' is the hearing of evidence and argument. If the one who determines the facts which underlie the order has not considered evidence or argument, it is manifest that the hearing has not been given. . . .That duty cannot be performed by one who has not considered evidence or argument. It is not an impersonal obligation. It is a duty akin to that of a judge. The one who decides must hear.

"This necessary rule does not preclude practical administrative procedure in obtaining the aid of assistants in the department. Assistants may prosecute inquiries. Evidence may be taken by an examiner. Evidence thus taken may be sifted and analysed by competent subordinates. Argument may be oral or written. The requirements are not technical. But there must be a hearing in a substantial sense. And to give the substance of a hearing, which is for the purpose of making determinations upon evidence, the officer who makes the determinations must consider and appraise the evidence which justifies them. That duty undoubtedly may be an onerous one, but the performance of it in a substantial manner is inseparable from the exercise of the important authority conferred."

The philosophy expressed in the first Morgan appeal was adhered to by the Supreme Court when the case was again before it. See *Morgan v. U.S.*, 304 U.S. 1, 82 L. ed. 1129. Similar views are expressed in *Fifth Street Pier Corp. v. City of Hoboken*, 126 A. 2d 6, (N.J.), and *Mazza v. Cavicchia*, 105 A 2d 545 (N.J.).

The statute, G.S. 18-137, requires notice of the time and place for the hearing with an opportunity to offer evidence and to be represented by counsel. The charges must be specific. Permittee must have at least ten days to prepare his defense.

The Board, acting pursuant to the authority conferred by G.S. 18-138, promulgated rules governing hearings. Copies of these rules were, as required by G.S. 143-195, filed with the Secretary of State

on 20 September 1956. The rules expressly require witnesses to be sworn. Permittee may object and except to any ruling, including the admission and exclusion of evidence. The exceptions so taken are a part of the record which the Board must consider. Argument, either oral or written, may be made, If the argument is oral, permittee may require it to be recorded and transmitted to the Board as a part of the record Rule 5.

The record is submitted to the Board "for approval, modification or rejection as the Board *may find to be justified by the record.*" (Emphasis supplied) Rule 8. Rules 12 and 13 provide:

"12. When an applicant or permittee makes written request for an additional hearing before the full Board, the Chairman shall cause him to be given at least ten days written notice of the time and place of a Board meeting at which he may be heard.

"13. Upon such hearing, the Board shall consider the record of the hearing before the hearing officer and may take such additional evidence for or against the applicant or permittee as may be presented. The Board may limit the introduction of evidence which is irrelevant or immaterial or which is merely cumulative and may limit the time permitted for oral argument. All testimony shall be taken under oath or affirmation and recorded. All objections to evidence or procedure, rulings thereon, and exceptions thereto shall be entered in the record."

In our opinion the rules as promulgated correctly interpret the statute. They accord a permittee full opportunity to show want of merit in the charges which, if true, would warrant revocation of his permit.

We find nothing in the record which justifies the contention that petitioners have been denied a hearing of the kind contemplated by the statute and provided for by the rules of the Board. True, the record does not show that petitioners were sent a copy of the hearing examiner's recommended findings and action which he thought the Board ought to take; but the record is barren of any suggestion that petitioners ever requested a copy of the proposed findings or recommendations. They knew when the Board would consider the transcript and act thereon. It is, we think, implicit in the rules that if petitioners had requested a copy of the proposed findings or the evidence before the Board acted, their request would have been complied with. All they were entitled to was a copy, if requested. No burden rested on the State to run petitioners down and furnish them with something without binding force, not requested, and probably not wanted. The failure to furnish without a request cannot be held violative of due process or our statutes providing for a hearing. For a similar result, see *Dami v. Department of Alcoholic Beverage Control,* 1 Cal. Rptr. 213.

Petitioners did not request a hearing by the Board—a right expressly accorded them. Hence their application for judicial review must be dismissed. Only those who have exhausted their administrative remedies can seek the benefit of the statute. G.S. 143-307. *Warren v. R.R.*, 223 N.C. 843, 28 S.E. 2d 505; *In re Wright*, 228 N.C. 301, 45 S.E. 2d 370; *In re Employment Security Commission*, 234 N.C. 651, 68 S.E. 2d 311; *Carson v. Board of Education of McDowell County*, 227 F 2d 789; *Carson v. Warlick*, 238 F 2d 724.

Reversed.