TOWN OF GARNER, a MUNICIPAL CORPORATION v. W. A. WESTON AND WIFE, BERTHA B. WESTON.

(Filed 15 January, 1965.)

**1. Appeal and Error § 49—**

Where there are no exceptions to the findings of fact the Supreme Court is bound by the findings.

**2. Municipal Corporations § 25—**

Where the uncontradicted findings are to the effect that defendants were seeking to use their land in violation of a municipal zoning ordinance and that defendants had not expended any substantial sums in connection with such use prior to the effective date of the ordinance, and that therefore such use was not a nonconforming use existing at the time of the effective date of the ordinance, judgment restraining such use is proper.

**3. Same; Administrative Law § 2—**

Where a zoning ordinance provides for a hearing upon application to the board of adjustment for a permit to complete a nonconforming use, such administrative procedure should be exhausted before suit is instituted in the courts asserting the right to complete a nonconforming use.

**4. Municipal Corporations § 25—**

Petition to be allowed to complete a nonconforming use is addressed to the discretion of the board of adjustment.

APPEAL by defendants from *Hobgood, J.,* June, 1964 Regular Civil Session, WAKE Superior Court.

The Town of Garner, a municipal corporation, instituted this civil action on August 19, 1963, to enjoin the defendants from constructing

a mobile home or trailer park within one mile of the town limits in violation of its extraterritorial zoning ordinance effective April 15, 1963.

By answer, the defendants admitted they were in the process of constructing a trailer park within the one mile area but that they were entitled to complete the construction by reason of their having made plans, expended considerable amounts of money in grading streets, digging a well, building a pump house, laying waterlines, concrete patios, and buying trailers for installation on the project, all before the effective date of the ordinance. They allege that they have a vested right in completing the project as a nonconforming use.

The parties waived a jury trial, consented that Judge Hobgood should hear the evidence, make findings of fact, state his conclusions of law, and render judgment. Whereupon, Judge Hobgood heard evidence in great detail, and from both parties. With respect to how far work on the facility had gone prior to the effective date of the ordinance, the evidence was conflicting. The court's findings of fact cover 16 pages of the record. With respect to the findings, the appellant's brief contains the following: "Generally, there is no dispute as to the facts as found by the Judge in the court below, so the Supreme Court may apply the law to those facts."

Among the findings made by the court are: "Prior to the 20th day of April, 1964, . . . the land belonging to the defendants . . . had never been used for the location or occupancy of any house trailer or mobile home . . . thus no part of said land . . . was actually used . . . at the date of the adoption of the Zoning Ordinance . . . (T)here was not any map in existence showing the land of the defendants involved in this action and designated as a mobile home park or intended for use in connection with any house trailer or mobile home constructed on any part of the land . . . at any time before the effective date of the . . . ordinance, before the 9th day of October, 1963. . . ."

The defendants, by the 20th day of June, 1964, had constructed 67 slabs or patios intended for use in connection with their house trailer park. There were many other findings along the same lines.

The court found that health regulations required a permit to construct a trailer camp and approval of water and sewer facilities before construction could begin. The defendants did not have such permit. The court also found that the ordinance empowered the Board of Adjustment to issue variance permits upon a proper showing. The defendants did not apply for such permit.

The court concluded: "(T)here was no use being made of the land of the defendants involved in this action as a house trailer park or

mobile home park which existed at or before the effective date of the Zoning Ordinance." . . .

"The defendants have not shown and established any valid defense to the plaintiff's action. . . ." The court ordered that the defendants be "restrained and enjoined from conducting, maintaining, and operating any mobile home park or . . . any house trailer park . . . on their said property . . . in violation of the Extraterritorial Zoning Ordinance of the Town of Garner."

The defendants excepted and appealed.

*Robert T. Hedrick for defendant appellants.*

*Johnson, Gamble & Hollowell by Samuel H. Johnson, Lassiter, Leager, Walker & Banks by Wm. C. Lassiter for plaintiff appellee.*

*Broughton & Broughton, for Mobile Home Parks Association, Inc., amicus curiae.*

HIGGINS, J.  The parties stipulated the Presiding Judge should hear the evidence, make findings of fact, state his conclusions of law, and enter judgment. The appellants advise us in their brief that there is no dispute with respect to the facts found in the court below. Hence the court must accept, and is bound by, Judge Hobgood's findings. The short quotations from the findings are sufficient to support the court's conclusion, which in turn sustains the judgment entered.

The constitutionality of the zoning ordinance, as such, is not challenged as we interpret the record. If it is, *Raleigh v. Morand,* 247 N.C. 363, 100 S.E. 2d 870, and the authorities therein cited repel the challenge.

The defendants contend they had completed plans for their mobile home court and in furtherance thereof had dug a well, built a pump house, laid water lines, constructed patios, graded streets, and bought trailer units to be set up before the zoning ordinance became effective. They contend by reason thereof they are entitled to complete the project as a nonconforming use. They offer evidence in partial support of their claims with respect to the extent of the construction as of April 15, 1963. However, there was evidence to the contrary. The trial judge made his findings. They do not support the defendants' claim with respect to the work done. While the findings are contrary to most of the defendants' evidence, nevertheless the defendants do not challenge them on any ground. *Coffee Co. v. Thompson,* 248 N.C. 207, 102 S.E. 2d 783; *Construction Co. v. Electrical Workers,* 246 N.C. 481, 98 S.E. 2d 852.

While the defendants' evidence to some extent parallels the facts in the *Tadlock* case, 261 N.C. 120, 134 S.E. 2d 177, the court's findings

fall short of the standards approved in *Tadlock* and in other zoning cases which have authorized the completion of the project under way at the date the ordinance became effective. The court found the zoning ordinance of the Town of Garner made provision for a hearing before the Board of Adjustment upon application for a permit to complete a nonconforming use, but the defendants have not applied for such permit and hence have not exhausted their administrative remedies. *In Re Application of Hasting*, 252 N.C. 327, 113 S.E. 2d 433; *In Re O'Neal*, 243 N.C. 714, 92 S.E. 2d 189; *In Re Pine Hill Cemeteries, Inc.*, 219 N.C. 735, 15 S.E. 2d 1.

The defendants' showing, in view of their stipulations, is not sufficient to permit reversal of the judgment. However, in view of the expenses incurred, the defendants, if so advised, may make application for a nonconforming use permit as a hardship case. Such permit, however, is discretionary with the Board of Adjustment. *In Re Tadlock, supra.*

For the reasons assigned, the judgment is

Affirmed.