ANNA LEAN C. PORTER, t/a MOYOCK CAFE v. STATE BOARD OF
ALCOHOLIC CONTROL

No. 6910SC70

(Filed 2 April 1969)

Administrative Law § 5;    Intoxicating Liquor § 2——    suspension    of
beer license — hearing before full ABC Board — review in superior
court — failure to exhaust administrative remedies

The holder of a retail beer permit is entitled, after a hearing before
an examiner for the State Board of Alcoholic Control as to whether his
license should be revoked or suspended, to request a hearing before the
full Board, and where he does not request such a hearing after notice
of the date the Board would consider the matter, his application for
judicial review under G.S. 143-307 must be dismissed for failure to ex-
haust available administrative remedies.

APPEAL by respondent from *Bowman, S.J.,* at the 10 October
1968 Session of WAKE Superior Court.

Petitioner filed a petition in the Superior Court of Wake County
asking the court to review and reverse an order entered by re-
spondent on 6 May 1968 suspending petitioner's retail beer permit.
Respondent duly answered the petition and in conformity with G.S.
143-311 filed a certified copy of the record of the proceedings before
the respondent Board.

From the record, it appears that on 15 March 1968 petitioner
was served with a notice from respondent, summarized as follows:
Respondent had information indicating that petitioner had violated
the State ABC laws and/or regulations by selling and allowing the
sale of beer during "illegal hours" and permitting the consumption
of beer during "illegal hours" on her retail licensed premises on or
about Sunday, 10 March 1968, at 12:55 a.m., in violation of G.S.
18-78.1(3) and G.S. 18-107; also failing to give her retail licensed
premises proper supervision on said occasion. Petitioner was given
notice to appear before respondent's hearing officer on 2 April 1968
at 1:30 p.m. at a designated place in Raleigh to show cause why her
beer and/or wine permit should not be revoked or suspended. Pe-
titioner was advised that she had the right to introduce evidence at
the hearing and to be represented by counsel if she so desired.

The hearing was held on 2 April 1968 at which time petitioner,
with her attorney, was present. Sworn testimony was given by ABC
Officer Coates and he was cross-examined by petitioner's attorney.
On 29 April 1968, the hearing officer advised petitioner by letter,
with copy to petitioner's attorney in Raleigh, that the findings of
fact and recommendation of the hearing officer regarding her hear-

ing of 2 April 1968 would be presented to respondent Board for review at its meeting in Raleigh on 6 May 1968 at 10:00 a.m. and that petitioner would be notified thereafter of the Board's decision in the matter.

On 6 May 1968, respondent entered an order that petitioner's retail beer permit be suspended for a period of 60 days, effective 20 May 1968; copies of the order were mailed to petitioner and her attorney. The record does not indicate that petitioner or her attorney appeared before respondent Board on 6 May 1968.

The matter came on for hearing in the superior court and was heard on the "petition and answer filed and upon review of the record of the proceedings held and documents filed as a part of the record and consideration of affidavit and arguments of counsel."

On 10 October 1968, judgment was entered setting forth certain findings of fact and conclusions of law, including a conclusion that respondent's order dated 6 May 1968 was entered without due process of law, and an adjudication that the order be reversed.

Respondent excepted to the signing and entry of the judgment and to each finding of fact and conclusion of law contained therein and appealed to this court.

*Boyce, Lake & Burns for petitioner appellee.*

*Attorney General Robert Morgan by Staff Attorney Mrs. Christine Y. Denson for respondent appellant.*

BRITT, J.

G.S. 143-307 provides:

"§ 143-307. *Right to judicial review.* — Any person who is aggrieved by a final administrative decision, *and who has exhausted all administrative remedies made available to him by statute or agency rule,* is entitled to judicial review of such decision under this article, unless adequate procedure, for judicial review is provided by some other statute, in which case the review shall be under such other statute. Nothing in this chapter shall prevent any person from invoking any judicial remedy available to him under the law to test the validity of any administrative action not made reviewable under this article." (Emphasis added.)

We are unable to distinguish the legal principles involved in *Sinodis v. Board of Alcoholic Control,* 258 N.C. 282, 128 S.E. 2d 587,

from those presented by this appeal. Although the facts in *Sinodis* differed somewhat from those in this case, the procedures before respondent Board in both cases were almost identical. In *Sinodis,* the Supreme Court held that inasmuch as petitioners did not request a hearing by the Board, their application for judicial review would be dismissed. We quote from the opinion by Rodman, J.: "* * * Only those who have exhausted their administrative remedies can seek the benefit of the statute. G.S. 143-307. [Numerous citations.]"

In *Sinodis,* the Supreme Court determined that respondent Board, acting pursuant to the authority conferred by G.S. 18-138, promulgated rules governing hearings and that copies of such rules were, as required by G.S. 143-195, filed with the Secretary of State on 20 September 1956. Again we quote from the opinion, at page 286:

"* * * Rules 12 and 13 provide:

'12. When an applicant or permittee makes written request for an additional hearing before the full Board, the Chairman shall cause him to be given at least ten days written notice of the time and place of a Board meeting at which he may be heard.

'13. Upon such hearing, the Board shall consider the record of the hearing before the hearing officer and may take such additional evidence for or against the applicant or permittee as may be presented. The Board may limit the introduction of evidence which is irrelevant or immaterial or which is merely cumulative and may limit the time permitted for oral argument. All testimony shall be taken under oath or affirmation and recorded. All objections to evidence or procedure, rulings thereon, and exceptions thereto shall be entered in the record.'

In our opinion the rules as promulgated correctly interpret the statute. They accord a permittee full opportunity to show want of merit in the charges which, if true, would warrant revocation of his permit."

In the case before us, after the hearing was held before the hearing officer, at which time petitioner and her attorney were present and participated in the hearing, the hearing officer advised petitioner and her attorney in writing that his findings of fact and recommendation would be presented to respondent Board at its meeting in Raleigh on 6 May 1968 at 10:00 a.m. As was true in *Sinodis,* petitioner did not request a hearing by respondent Board, a right expressly accorded her. Hence her application for judicial review must be dismissed. G.S. 143-307; *Sinodis v. Board of Alcoholic Control,*

*supra; In re Employment Security Com.*, 234 N.C. 651, 68 S.E. 2d 311; *In re Revocation of License of Wright*, 228 N.C. 301, 45 S.E. 2d 370.

Reversed.

MALLARD, C.J., and PARKER, J., concur.