FORSYTH COUNTY, PLAINTIFF APPELLEE v. R. L. YORK,
DEFENDANT APPELLANT

No. 7321SC587

(Filed 12 September 1973)

1. **Municipal Corporations § 31— failure to comply with zoning ordi-
   nance — no issue of fact — summary judgment proper**
   Where the zoning ordinance in question required that a special
   permit be secured by anyone wishing to convert one prior noncon-
   forming use to another or to maintain a mobile home on the property,
   defendant admitted he converted an automobile repair and used parts
   business into an agricultural implement sales operation and that he
   placed a mobile home on the premises, and defendant failed to obtain
   a permit for either activity, there was no disputable issue with respect
   to the fact of a violation of the applicable zoning provisions, and the
   trial court properly entered summary judgment against defendant;
   furthermore, by virtue of his noncompliance with the permit require-
   ments, defendant had no standing to argue that prior nonconforming
   uses existed and could be continued or to raise the constitutionality
   of any of the zoning provisions.

2. **Municipal Corporations § 31— denial of mobile home permit — failure of landowner to seek review — bar to subsequent challenge of ordinance**

   Where defendant was denied a mobile home permit in 1969 and 1972 but he did not seek court review of the denials, even though he could have raised the constitutionality of the zoning ordinance in superior court, defendant may not now challenge the validity of the ordinance he allegedly violated in maintaining a mobile home on the zoned property without a permit.

APPEAL by defendant from *Armstrong, Judge,* 12 March 1973 Session of Superior Court held in FORSYTH County.

Plaintiff is a governmental subdivision of the State of North Carolina and pursuant to G.S. 153-266.10 has adopted zoning ordinances and resolutions applicable to land use within Forsyth County but outside the jurisdiction of municipalities. Defendant, a resident of Forsyth County, owns or controls the property which is zoned R-6, suburban residential, and which is involved in this dispute. Subsection 4 of the Forsyth County Zoning Resolution entitled "Conversion of a Non-Conforming Use" provides in pertinent part:

> "a. A special use permit may be authorized for the conversion of non-conforming use to another use which in the judgment of the Board of Adjustment is less intensive in character or is essentially of the same character as the original non-conforming use. . . ."

The ordinance also provides that the use of a mobile home lawfully existing outside a mobile home park at the time of the adoption of the ordinance may be continued on certain terms and conditions but requires that a special use permit be obtained as a condition of such nonconforming use. *See* Section VII, Conditional Uses and Table of Conditional Uses Requiring Special Use Permits which also refers to Section XI, Non-Conforming Uses. Plaintiff brought an action against defendant for allegedly violating the ordinance by maintaining, without having first obtained special permits, a mobile home and an agricultural implement sales and storage business on the premises. Defendant admitted that he lacked the requisite permits and that there was a mobile home and farm equipment business on the property at the time the suit was commenced. On the basis of the pleadings and additional affidavits filed by the parties, the trial court granted plaintiff's motion for summary judgment. Judgment was entered enjoining defendant from continuing the offending uses. Defendant appealed.

*P. Eugene Price, Jr., and Chester C. Davis for plaintiff appellee.*

*Randolph and Randolph by Doris G. Randolph for defendant appellant.*

VAUGHN, Judge.

[1] A motion for summary judgment shall be granted when the evidence reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Koontz v. City of Winston-Salem,* 280 N.C. 513, 186 S.E. 2d 897; *Kessing v. Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823. Defendant contends that there were issues of material fact as to whether (1) the property was being used for business purposes at the time of the enactment of the zoning ordinance on 3 April 1967 and (2) a mobile home was in use on the property at that time. Defendant acquired the property in 1969 and contends that he and his predecessor in title continued the nonconforming uses from prior to the adoption of the ordinance to the institution of suit. Defendant also asserts that selected portions of the ordinance are unconstitutional and thus render a verdict against him improper as a matter of law. The issues of fact contended for by defendant are irrelevant. The zoning ordinance which the parties have stipulated was properly before the trial court requires that a special permit be secured by anyone wishing to convert one prior nonconforming use to another or to maintain a mobile home on R-6 property. Defendant admits he converted an automobile repair and used parts business into an agricultural implement sales operation and that he placed a mobile home on the premises. Because defendant failed to obtain a permit for either activity, there is no disputable issue with respect to the fact of a violation of the applicable zoning provisions. Further, by virtue of his noncompliance with the permit requirements, defendant has no standing to argue that prior nonconforming uses exist and may be continued or to raise the constitutionality of any of those provisions.

Defendant argues that under *Town of Hillsborough v. Smith,* 276 N.C. 48, 170 S.E. 2d 904, he is not required to secure the necessary permits in order to prevent a judgment against him as a matter of law. We disagree. In that case the town was seeking to restrain a builder from constructing buildings for which he had received a building permit prior to the enactment of a zoning ordinance. The zoning ordinance did not authorize

the Board of Adjustment to issue a nonconforming use permit for structures upon which substantial work had not been begun before the adoption of the zoning restrictions, and it also prohibited the making of any exceptions to the above rule. Because Smith had not completed any substantial construction on the buildings, he was not entitled to a permit, and thus an application therefor would have constituted little more than a useless gesture. In the present case there is no similar indication that defendant would have been denied the special permits under all circumstances. Defendant thus falls within the purview of *Garner v. Weston*, 263 N.C. 487, 139 S.E. 2d 642, where suit was brought against Weston for building a trailer park without securing a permit as required by the zoning ordinance. The trial court, in effect, determined that Weston could not defend on the ground he was in fact entitled to a nonconforming use exception unless application for a permit had been made. In sustaining a judgment for plaintiff, the Supreme Court observed, "The court found the zoning ordinance . . . made provision for a hearing before the Board of Adjustment upon application for a permit . . . but the defendants have not applied for such permit and hence have not exhausted their administrative remedies."

Without regard, therefore, to the use being made of the property at the time of the adoption of the ordinance, the ordinance requires special use permits in order to change one nonconforming use to another and to maintain a mobile home in an area where they are otherwise forbidden. Since defendant admits the change of use, the maintenance of the mobile home, and lack of the required permits, no issue as to a material fact exists and summary judgment was proper.

[2]   This result is not altered by the fact defendant was denied a mobile home permit in 1969 and 1972. G.S. 153-266.17 provides that "every decision of the [Board of Adjustment] shall be subject to review by the superior court by proceedings in the nature of certiorari." Upon rejection of his application, defendant did not seek court review of the denials, even though he could have raised the constitutionality of the ordinances in superior court. Our Supreme Court has held that the above provision prevents collateral attacks on decisions of the Board of Adjustment. *Durham County v. Addison*, 262 N.C. 280, 136 S.E. 2d 600. Since in 1969 and 1972 defendant failed to exhaust his statutory remedies and since the record does not indicate those remedies were

in fact illusory, he may not now challenge the validity of the zoning ordinance he allegedly violated in an effort to avoid a summary judgment.

Affirmed.

Judges CAMPBELL and HEDRICK concur.