GEORGE EDWARD CAMERON, JR., A MINOR, BY HIS MOTHER AND NEXT FRIEND, SHIRLEY CAMERON; MITCHELL SCOTT BLACKWELL, A MINOR, BY HIS MOTHER AND NEXT FRIEND, MAE BLACKWELL; DAN ROBERSON; NOEL COUNCIL; DALLAS HOLLINGSWORTH; JAMES PERRY AND WIFE, MRS. JAMES PERRY; PATRICIA F. MERRITT; REX HOPPA; B. G. BRANTLEY; R. D. HARRINGTON; B. S. HARTLEY; ELIZA HOLLMAN; OZELLA M. BURGESS; SANDY ROBERSON; TONY POPE; JACKIE KNOTT; SHELBY CLIFTON; CONRAD GROSSMAN; ROGER KING; DOUGLAS JAMERSON; LEONARD VINSON; CHARLES ATKINS; SANDRA BARRETT; RICHARD ARMSTRONG AND WIFE, MRS. RICHARD ARMSTRONG; LUCILLE JANUARY; EVA HEARNE; JOHN BRIGGS; JANET WEATHERSBEE; ADRIAN BUSSE; BESSIE H. GRAY; ABRAM VAN HALL; SANDY MORGAN; JIMMY JUSTICE AND WIFE, CECILENE JUSTICE; FRANK EAGLES AND WIFE, MARGINE EAGLES; DR. R. K. JONES AND WIFE, MRS. R. K. JONES; KEN WILCOX AND WIFE, KATHY WILCOX; WALTER LANGDON AND WIFE, GAYE LANGDON; W. J. SMITH AND WIFE, MRS. W. J. SMITH; STANLEY BAREFOOT AND WIFE, NOMIA BAREFOOT; THOMAS HARRILL AND WIFE, CHARLOTTE HARRILL; CHARLES GODLEY AND WIFE, MRS. CHARLES GODLEY; FRED A. BYRD; RALPH NEWCOMB AND WIFE, CAROL NEWCOMB; AL LANDSBERG; DONNA PRUITT; CORBY NORRIS AND WIFE, MRS. CORBY NORRIS; CURTIS D. PEEPLES AND WIFE, MRS. CURTIS D. PEEPLES, PLAINTIFFS v. THE WAKE COUNTY BOARD OF EDUCATION, A BODY CORPORATE, DEFENDANT

No. 7710SC548

(Filed 6 June 1978)

Schools § 10.1— attack on student assignment plan—failure to exhaust administrative remedies

The trial court properly dismissed an action seeking to declare unconstitutional a student assignment plan adopted by a county board of education where plaintiffs failed to exhaust administrative remedies provided by G.S. 115-178 and G.S. 115-179.

APPEAL by plaintiffs from *Smith (Donald L.), Judge*. Judgment entered 27 June 1977 in Superior Court, WAKE County. Heard in the Court of Appeals 30 March 1978.

Plaintiffs, children and parents of children enrolled in the Wake County Public Schools, filed a complaint on 31 May 1977 seeking a preliminary injunction against the enforcement of the 1977-1978 student assignment plan adopted by defendant on 23 May 1977. Plaintiffs also seek a declaratory judgment to have the assignment plan declared unconstitutional in that it is arbitrary and capricious.

On 24 June 1977, the defendant filed a motion pursuant to Rule 12(b) of the Rules of Civil Procedure to dismiss the complaint of the plaintiffs for failure of the complaint to state a claim upon which relief can be granted, and on the alternate ground that the plaintiffs have failed to exhaust their administrative remedies as required by N.C.G.S. §§ 115-178 and 115-179.

The motion was allowed on both grounds. Plaintiffs appealed.

*Davis & Miller, by Ferd L. Davis, for plaintiff appellants.*

*Farmer & Crumpler, by George T. Rogister, Jr., for defendant appellee.*

ERWIN, Judge.

The record before us presents the following question: "Did the trial court err in dismissing the plaintiff-appellants' complaint pursuant to N.C.G.S. 1A-1, Rule 12(b)(6), for failure to state a claim upon which relief could be granted and failure to exhaust administrative remedies?"

We hold that the trial court properly granted the defendant's motion to dismiss the complaint of the plaintiffs for failure to exhaust administrative remedies as required by N.C.G.S. §§ 115-178 and 115-179. The General Assembly has enacted an exhaustive statute relating to assignment of students in the public schools of our State, Article 21, Chapter 115 of the N.C.G.S. entitled "Assignment and Enrollment of Pupils." The pertinent sections, G.S. 115-178 and 115-179, read as follows:

"§ 115-178. *Application for reassignment; notice of disapproval; hearing before board.* — The parent or guardian of any child, or the person standing in loco parentis to any child, who is dissatisfied with the assignment made by a board of education may, within 10 days after notification of the assignment, or the last publication thereof, apply in writing to the board of education for the reassignment of the child to a different public school. Application for reassignment shall be made on forms prescribed by the board of education pursuant to rules and regulations adopted by the board of education. If the application for reassignment is disapproved, the board of education shall give notice to the applicant by

registered mail, and the applicant may within five days after receipt of such notice apply to the board for a hearing, and shall be entitled to a prompt and fair hearing on the question of reassignment of such child to a different school. A majority of the board shall be a quorum for the purpose of holding such hearing and passing upon application for reassignment, and the decision of a majority of the members present at the hearing shall be the decision of the board. If, at the hearing, the board shall find that the child is entitled to be reassigned to such school, or if the board shall find that the reassignment of the child to such school will be for the best interests of the child, and will not interfere with the proper administration of the school, or with the proper instruction of the pupils there enrolled, and will not endanger the health or safety of the children there enrolled, the board shall direct that the child be reassigned to and admitted to such school. The board shall render prompt decision upon the hearing, and notice of the decision shall be given to the applicant by registered mail.

\* \* \*

§ 115-179. *Appeal from decision of board.* — Any person aggrieved by the final order of the county or city board of education may at any time within 10 days from the date of such order appeal therefrom to the superior court of the county in which such administrative school unit or some part thereof is located. Upon such appeal, the matter shall be heard de novo in the superior court before a jury in the same manner as civil actions are tried and disposed of therein. The record on appeal to the superior court shall consist of a true copy of the application and decision of the board, duly certified by the secretary of such board. If the decision of the court be that the order of the county or city board of education shall be set aside, then the court shall enter its order so providing and adjudging that such child is entitled to attend the school as claimed by the appellant, or such other school as the court may find such child is entitled to attend, and in such case such child shall be admitted to such school by the county or city board of education concerned. From the judgment of the superior court an appeal may be taken by an interested party or by the board to the appellate division in

the same manner as other appeals are taken from judgments of such court in civil actions."

This Court held in *Church v. Board of Education*, 31 N.C. App. 641, 645, 230 S.E. 2d 769, 771 (1976), *cert. denied*, 292 N.C. 264, 233 S.E. 2d 391 (1977):

> "In North Carolina, our courts have held that when the Legislature has provided an effective administrative remedy by statute, then that remedy is exclusive. *Wake County Hospital v. Industrial Commission*, 8 N.C. App. 259, 174 S.E. 2d 292 (1970). See also 1 Strong, N.C. Index 3d, *Administrative Law*, § 2 (1976). In addition, our courts have held that not only is the administrative remedy exclusive but also a party must pursue it and exhaust it before restoring to the courts. See *King v. Baldwin*, 276 N.C. 316, 172 S.E. 2d 12 (1970); *Garner v. Weston*, 263 N.C. 487, 139 S.E. 2d 642 (1965); *Sinodis v. Board of Alcoholic Control*, 258 N.C. 282, 128 S.E. 2d 587 (1962); *Employment Security Commission v. Kermon*, 232 N.C. 342, 60 S.E. 2d 580 (1950); *Stevenson v. N.C. Department of Insurance*, 31 N.C. App. 299, 229 S.E. 2d 209 (1976). See also 1 Strong, N.C. Index 3d, *supra*."

The plaintiffs' complaint alleges: (1) a class action on behalf of minors who seek to represent all students now enrolled in the public schools of Wake County and all students who may be or are eligible to enroll in the Wake County Public Schools, and on behalf of citizens, taxpayers, and parents of children enrolled in the schools of Wake County; (2) that the defendant has abdicated its student assignment responsibilities to federal bureaucrats, should have made its assignments on the basis of the welfare of the pupils, and since this was not done, the court should act on behalf of the plaintiffs. The complaint fails to allege that the plaintiffs have exhausted their administrative remedies as provided by Article 21, Chapter 115 of the General Statutes.

Justice Pless, speaking for the Supreme Court in *Elmore v. Lanier, Comr. of Insurance*, 270 N.C. 674, 678, 155 S.E. 2d 114, 116 (1967), on the collateral attack of administrative procedures enacted by the Legislature, observed:

> "To permit the interruption and cessation of proceedings before a commission by untimely and premature intervention

by the courts would completely destroy the efficiency, effectiveness, and purpose of the administrative agencies. To allow it would mean that in some instances a case might pend in the courts until a jury trial could be held, which would frequently cause unjustified delay, and result in thwarting the purpose for which the administrative investigation was established. . ."

Plaintiffs disregarded the statutes in question by failing to request reassignment, thereby taking a route wholly inconsistent with the statutes enacted by the General Assembly. The plaintiffs have attempted to substitute the Superior Court for the defendant, Board of Education. This the General Assembly has not authorized.

It is our duty to interpret the language of the statutes so as not to lead to absurd results or contravene the manifest purpose of the statutes and in a manner as will give effect to the reason and purpose of the law. *Hobbs v. Moore County,* 267 N.C. 665, 149 S.E. 2d 1 (1966). The trial court properly granted the defendant's motion to dismiss.

Judgment affirmed.

Judges BRITT and CLARK concur.