Lee SANDERS, Assistant Building Commissioner, Plaintiff/Appellee,

v.

ANGIE PROPERTIES, INC. and Van Westbrooks, Individually, Defendants/Appellants.

Court of Appeals of Tennessee, Middle Section.

March 25, 1992.

Permission to Appeal Denied by Supreme Court July 6, 1992.

James D. Petersen, Petersen, Buerger & Moseley, Franklin, for plaintiff/appellee.

Gail Pigg, Nashville, for defendants/appellants.

## OPINION

CANTRELL, Judge.

The primary question in this appeal is whether a property owner's refusal to seek a conditional use permit, because he believes that he is operating a valid nonconforming use, precludes the same defense

from being raised in the municipality's action to enjoin his operation. The Chancery Court of Williamson County held that the property owner had failed to exhaust his administrative remedies, thus the court had no jurisdiction to determine whether he was in fact violating the zoning ordinance. We reverse and remand for a determination of the facts.

## I.

The appellant property owner operates a garage in Williamson County at a location where a garage has been in operation for many years through several zoning changes. The property is now zoned Suburban Estates, a classification that does not allow the operation of a garage as a permitted use. However, the most recent zoning ordinance has a provision allowing legal uses existing at the date of passage of the ordinance to continue as legal nonconforming uses. *See also* Tenn.Code Ann. § 13–7–208(b); *Rives v. City of Clarksville*, 618 S.W.2d 502 (Tenn.App.1981).

In February of 1989, the appellant received a letter from the appellee, the Williamson County Zoning Compliance Officer, asserting that the appellant was violating the zoning ordinance by operating a junkyard and by having an additional building on the site without site plan approval. The letter advised the owner to get an approved zoning certificate within thirty days or remove all unlicensed inoperative vehicles and the unpermitted structure. The appellant responded that he was not operating a junkyard and that his use of the property was a legal use which predated the zone change.

The appellee filed an action in the Chancery Court of Williamson County alleging that the owner was operating a junkyard and had added trailers, buildings, and additions without obtaining the necessary building permits. The complaint prayed for a permanent injunction ordering the defendant to cease and desist his illegal use of the property. The appellant defended his use of the property on the ground that the use of the property was the same that legally existed under prior ordinances. At the conclusion of a lengthy hearing below, at which both sides offered proof on the current use of the property, the chancellor held that because the owner had not gone through the Board of Zoning Appeals, i.e., had failed to exhaust his administrative remedies, the court lacked the jurisdiction to determine whether a violation of the ordinance in fact existed. The court entered a final decree enjoining the owner from operating a junkyard or a used car lot without a conditional use permit and from operating any other use or in any other manner that violates any Williamson County ordinance without an appropriate permit.

## II.

■ We think the general rule with respect to this situation is stated in 101A C.J.S. *Zoning and Land Planning*, § 281:

> When a property owner claims that he has a vested right to an existing nonconforming use he is not required to apply for a variance or a use permit before resorting to the courts for relief from the attempted termination of such nonconforming use.

The authority cited for this proposition is *O'Mara v. Council of City of Newark*, 238 Cal.App.2d 836, 48 Cal.Rptr. 208 (1966). A careful reading of that case reveals that the rule announced there may be considered dictum because the court found that the issue had not been raised in the lower court. But, the court went on to cite the rule as an additional reason why the exhaustion of remedies defense would not prevent the property owner from defending an injunction action on the ground that he had a valid existing nonconforming use. *See also McCaslin v. City of Monterey Park*, 163 Cal.App.2d 339, 329 P.2d 522 (1958); *City of Des Plaines v. LaSalle National Bank*, 44 Ill.App.3d 815, 3 Ill. Dec. 513, 358 N.E.2d 1198 (1976).

■ We think the appellee and the lower court confused this case with one in which the property owner defends the action on the ground that he is entitled to a conditional use permit or a variance. In such a case the court could legitimately say that the owner should not be able to raise that

defense in court when he failed to seek a determination from the administrative agency.

The two cases cited by the appellee illustrate the point. In *Forsyth County v. York*, 19 N.C.App. 361, 198 S.E.2d 770 (1973), the zoning ordinance did not provide for an automatic legal continuation of prior nonconforming uses, but rather required the owner to secure a special permit for the continued operation of a nonconforming use. When the owner was sued by the county, he came to court admitting that he did not have the required permit. The court denied his defense that he was entitled to a permit and properly held that he should have sought the permit through the administrative process.

In *Garner v. Town of Weston*, 263 N.C. 487, 139 S.E.2d 642 (1965), the zoning ordinance was passed during the construction of an installation made illegal by the ordinance. The primary question in the case was whether the construction had proceeded far enough that it would be considered a use in existence prior to the passage of the ordinance. The trial court held that the construction had not proceeded to that point and the appellate court affirmed. The appellate court also found that the zoning ordinance made provision for a hearing before the Board of Adjustment upon an application for a permit to complete a nonconforming use. The court thus found that the owner had not exhausted his administrative remedies.

■ The appellee does not insist that the Williamson County zoning ordinance provides for an administrative determination of whether the owner has a valid nonconforming use or that the ordinance requires him to seek a permit even if the use is valid. The appellee insists that the owner needs a conditional use permit for the operation of a junkyard. The owner insists that he does not wish to operate a junkyard—only to continue his legal use of the property. We think the owner is entitled to have the trial court determine whether his use of the land is a junkyard or a prior nonconforming use.

The judgment of the court below is reversed and the cause is remanded to the Chancery Court of Williamson County for further proceedings consistent with this opinion. Tax the costs on appeal to the appellee.

TODD, P.J., and KOCH, J., concur.