DISCOVER BANK, Plaintiff,
v.
KIMBERLY CALHOUN, Defendant.
No. COA08-69
Court of Appeals of North Carolina
Filed September 2, 2008
This case not for publication
Smith Debnam Narron Drake Saintsing & Myers, L.L.P., by Christina McAlpin Taylor, for plaintiff appellee.
Kimberly Calhoun, pro se, defendant appellant.
McCULLOUGH, Judge.
Defendant appeals from an order dismissing defendant's counterclaims and granting summary judgment in favor of plaintiff. We affirm.

FACTS
On 3 November 2006, Discover Bank ("plaintiff") filed a complaint against Kimberly H. Calhoun ("defendant") alleging plaintiff provided credit to defendant, pursuant to a revolving credit agreement, in the amount of $12,374.11. According to plaintiff, defendant had failed to pay this sum after receiving a demand for payment. Therefore, plaintiff sought to recover a judgment against defendant for this amount. On 27 December 2006, defendant was served with a civil summons informing her of plaintiff's complaint. Defendant filed an answer to plaintiff's complaint on 5 January 2007. In her answer, defendant claimed that she was unaware plaintiff had demanded payment and asserted that the amount of credit she had received from plaintiff was incorrectly stated in the complaint.
On 17 January 2007, plaintiff served, via the United States Postal Service, a request for admissions asking defendant to admit, inter alia, (1) that plaintiff extended credit to defendant, (2) that defendant used this credit, (3) that the principal balance stated in the complaint was accurate, and (4) that the principal balance was due by defendant. On 13 March 2007, defendant filed a motion to dismiss plaintiff's action and made several counterclaims against plaintiff. In this document, defendant claimed plaintiff had acted negligently by failing to provide data and that plaintiff had slandered defendant by disclosing the existence of defendant's debt to postal employees.
On 16 May 2007, plaintiff filed a motion for summary judgment, pursuant to Rule 56 of the Rules of Civil Procedure, claiming that there remained no issue of material fact. In addition, on 16 May 2007, plaintiff also filed a motion to dismiss defendant's counterclaims, asserting that defendant had failed to state a claim upon which relief could be granted, and a motion to strike plaintiff's counterclaims on the grounds that these claims were filed more than thirty days after the original answer was served. On 10 August 2007, the aforementioned motions were heard before Judge Jane P. Gray in Wake County District Court. After considering the written and oral arguments of the parties, the trial court allowed plaintiff's motion to strike defendant's counterclaims pursuant to N.C.R. Civ. Pro. 12(f) and, in the alternative, plaintiff's motion to dismiss defendant's counterclaims pursuant to Rule 12(b)(6). In addition, the trial court found that defendant had failed to timely respond to plaintiff's requests for admissions. In accordance with Rule 36 of the Rules of Civil Procedure, the court held that the allegations contained within plaintiff's request for admissions were deemed admitted. Therefore, the trial court granted summary judgment in favor of plaintiff and ordered defendant to pay to plaintiff costs and the amount of $12,374.11 with interest at the legal rate of 8% per annum from the date of judgment until paid in full. Plaintiff now appeals.

I.
As a preliminary matter, plaintiff has filed a motion to dismiss defendant's appeal due to various violations of the Rules of Appellate Procedure. We deny this motion.
In reviewing plaintiff's argument, we note that "[t]he Rules of Appellate Procedure are mandatory [and] an appellant's failure to observe the rules frustrates the process of appellate review and subjects the appeal to dismissal."May v. City of Durham, 136 N.C. App. 578, 581, 525 S.E.2d 223, 227 (2000). Here, defendant's argument (1) incorrectly included matters not in the record on appeal in on appeal, see N.C.R. App. P. 9 (2008); (2) contained arguments that did not correspond to assignments of error, see N.C.R. App. P. 10(a) (2008); and (3) failed to comply with the font size, page limitation, and other requirements, see N.C.R. App. P. 28 (2008). Although "we elect to exercise the discretion accorded us by N.C.R. App. P. 2 to consider this appeal on its merits[,]" we note that our review of the issues raised by this appeal has been encumbered by the myriad of appellate rules violations. See May, 136 N.C. App. at 581, 525 S.E.2d at 227; see also Frey v. Best, ___ N.C. App. ___, ___, 659 S.E.2d 60, 73 (2008). Therefore, we admonish defendant to observe the rules in the future.

II.
Defendant first argues that the trial court erred in granting plaintiff's motion for summary judgment. We disagree.
"A motion for summary judgment shall be granted when the evidence reveals no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."Forsyth County v. York, 19 N.C. App. 361, 363, 198 S.E.2d 770, 771,cert. denied, 284 N.C. 253, 200 S.E.2d 653 (1973). On appeal, a trial court's decision to grant summary judgment is reviewed de novo. Shroyer v. County of Mecklenburg, 154 N.C. App. 163, 167, 571 S.E.2d 849, 851 (2002).
In the case sub judice, plaintiff filed a complaint against defendant on 3 November 2006 alleging defendant owed plaintiff $12,374.11 pursuant to a credit agreement. Plaintiff subsequently sent a request for admissions to defendant on 17 January 2007, seeking to gain admissions from defendant that (1) the two parties had entered into a credit agreement, (2) plaintiff had extended credit to defendant pursuant to the agreement, (3) the principal balance of this credit was $ 12,374.11, and (4) this balance was due by defendant. On 16 May 2007, plaintiff filed a motion for summary judgment alleging that no issue of material fact existed in the case. On 14 August 2007, the trial court granted plaintiff's motion, pursuant to Rule 36 of the North Carolina Rules of Civil Procedure, stating that no genuine issue of material fact remained because the allegations contained in the plaintiff's request for admissions were deemed to have been admitted.
N.C.R. Civ. P. 36(a) provides that:
A party may serve upon any other party a written request for the admission, for purposes of the pending action only, of the truth of any matters . . . set forth in the request that relate to statements or opinions of fact or of the application of law to fact, including the genuineness of any documents described in the request.
N.C. Gen. Stat. § 1A-1, Rule 36(a) (2007). Rule 36(a) further provides that each matter contained in the request for admissions
is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by his attorney, but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 60 days after service of the summons and complaint upon him. If objection is made, the reasons therefor shall be stated.
Id. In accordance with this rule, "a trial court `may' order that a matter be deemed admitted upon determining that a response to arequest for admission is noncompliant; therefore, trial courts are vested with the discretion to impose this sanction."Baker v. Speedway Motorsports, Inc., 173 N.C. App. 254, 267, 618 S.E.2d 796, 805 (2005), disc. review denied, 361 N.C. 425, 648 S.E.2d 204 (2007). Thus, our review of the trial court's decision to deem plaintiff's allegations admitted under Rule 36 "is limited to determining whether the trial court abused its discretion." Id.
Here, the record on appeal contains no evidence that defendant made a timely response to plaintiff's request for admissions. A review of the record reveals that the next document submitted by defendant, following plaintiff's request for admissions on 17 January 2007, was defendant's motion to dismiss filed on 14 March 2007. Defendant, however, asserts that she filed a motion for an extension of time on 25 February 2007. We note, however, that even assuming arguendo that defendant's assertion is correct, defendant did not respond to plaintiff's request for admissions within the 30-day window provided by Rule 36. Thus, the trial court acted within its discretion in deeming the plaintiff's allegations as admitted. As there no longer existed any issue of material fact, we hold the trial court did not err in granting summary judgment in favor of plaintiff.

III.
Defendant next argues that the trial court erred in granting plaintiff's motion to dismiss defendant's counterclaims pursuant to Rule 12(b)(6) of the Rules of Civil Procedure. We disagree. "Upon review of a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the question for the Court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief could be granted under some legal theory." Brittain v. Cinnoca, 111 N.C. App. 656, 659, 433 S.E.2d 244, 245 (1993), cert. denied, 339 N.C. 736, 454 S.E.2d 646 (1995); see N.C. Gen. Stat. § 1A-1, Rule 12 (2008). "A legal insufficiency may be due to an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim or the disclosure of some fact which will necessarily defeat the claim." State of Tennessee v. Environmental Management Comm., 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986).
After reviewing the record in the instant case, we hold that the allegations made by defendant in her counterclaims were legally insufficient to support a claim upon which relief may be granted. Therefore, we hold the trial court did not err in dismissing these claims in accordance with Rule 12(b)(6).
We have reviewed defendant's remaining assignments of error and find them to be without merit. Therefore, we affirm the order of the trial court.
Affirmed.
Judges BRYANT and STEPHENS concur.
Report per Rule 30(e).