DAVID MILTON HOHN v. DR. M.L. SLATE, DR. ROBERT C. JOHNSON AND HIGH POINT MEMORIAL HOSPITAL, INC.

No. 8019SC27

(Filed 2 September 1980)

1. Limitation of Actions §11; Physicians, Surgeons, and Allied Professions § 13—malpractice – services for minor – statute of limitations

Plaintiff's claim based on medical malpractice was barred by the three year statute of limitations of G.S. 1-15(c) and provisions of G.S. 1-17(b) requiring an action for malpractice in the performance of professional services for a minor to be brought before the minor attains the full age of nineteen where the last act of negligence by defendants allegedly occurred in 1962 when plaintiff was four years old and plaintiff filed his claim one day before his twentieth birthday, there being no merit to plaintiffs' contention that G.S. 1-17(b) does not apply to an action brought by a plaintiff in his own behalf.

Hohn v. Slate

2. **Constitutional Law § 20; Limitation of Actions § 11; Physicians, Surgeons, and Allied Professions § 13– malpractice – services for minor – statute of limitations – equal protection**

   The statute requiring an action for malpractice in the performance of professional services for a minor to be brought before the minor attains the age of 19 when the three-year limitation of G.S. 1-15(c) expires before the minor attains the age of 19 does not violate the equal protection clauses of the N.C. or U.S. Constitutions because a person has three years after reaching the age of 18 in which to bring other types of tort actions, since there is a substantial distinction between persons who have malpractice claims and those with other types of tort claims.

APPEAL by plaintiff from *Davis, Judge.* Judgment entered 26 September 1979 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 23 May 1980.

This is an action in which the plaintiff's claim for relief is based on alleged medical malpractice. The plaintiff was born on 13 September 1958. He alleged various acts of negligence by all three defendants in regard to medical treatment he received in 1962. The last act of negligence allegedly occurred on 14 October 1962. Plaintiff became 18 years of age on 13 September 1976. Plaintiff filed an action on 12 September 1978. He took a voluntary dismissal and reinstituted the action on 22 May 1979. The action was dismissed as to the defendants Slate and Johnson on the ground it is barred by the statute of limitations.

Plaintiff appealed.

*Miller and Miller, by G.E. Miller and Michael C. Miller, for plaintiff appellant.*

*Nichols, Caffrey, Hill, Evans and Murrelle, by G. Marlin Evans and Kenneth K. Kyre, Jr., for defendant appellee Dr. Robert C. Johnson; Perry C. Henson for defendant appellee Dr. M.L. Slate.*

WEBB, Judge.

[1] This appeal presents the question of whether the plaintiff's claim is barred by the statute of limitations. G.S. 1-17(b) provides in part:

[A]n action on behalf of a minor for malpractice arising out of the performance of or failure to perform professional services shall be commenced within the limitations of time specified in G.S. 1-15(c): Provided, that if said time limitations expire before such minor attains the full age of 19 years, the action may be brought before said minor attains the full age of 19 years.

The claim of the plaintiff, having accrued in 1962, is barred by the three year statute of limitations G.S. 1-15(c) and G.S. 1-17(b) requiring the action to be brought within one year after the disability of minority is removed unless, as the plaintiff contends, G.S. 1-17(b) does not apply. Plaintiff urges that since the wording of G.S. 1-17(b) is that "action[s] on behalf" of minors must be brought within one year of attaining majority and the plaintiff brought this action on his own behalf, he is entitled to bring it within three years of attaining 18 years of age. This is the time limit for other tort claims for those reaching majority. We believe the construction for which the plaintiff contends is contrary to the intent of the legislature. We hold that G.S. 1-17(b) applies to this action brought by the plaintiff.

[2] The plaintiff also contends that the statute violates the equal protection clause of Article 1, Section 19 of the Constitution of North Carolina and the Fourteenth Amendment to the Constitution of the United States. The General Assembly has declared that a person who has a malpractice claim does not have as long a period after becoming 18 years of age to bring an action as a person who has some other type of tort claim. The plaintiff contends that this creates an arbitrary class and there is no rational basis for this distinction.

The plaintiff challenges this law under the equal protection clauses of both the state and federal constitution. We believe the equal protection test is the same under both constitutions. Persons with malpractice claims are not a suspect class and a classification so as to shorten the statute of limitations as to them does not affect a fundamental interest. This classification is not inherently suspect. See Williams v. Rhodes, 393 U.S. 23, 89

S. Ct. 5, 21 L.Ed. 2d 24 (1968). The plaintiff concedes that the General Assembly has the power to adopt different statutes of limitations for different classes of claims. He contends it is arbitrary and capricious to classify those reaching majority with malpractice claims differently than those reaching majority with other tort claims. We believe there is a substantial distinction between persons who have malpractice claims and those with other types of tort claims. Based on this distinction, we presume the General Assembly at the time it enacted understood and correctly appreciated the needs of the people of this state when the legislation was enacted. To strike this statute down, we would have to substitute our judgment for that of the General Assembly. The plaintiff contends that by shortening the period in which persons with malpractice claims may bring actions, the state has penalized those persons for the benefit of insurance companies. If this is true, we feel it is a matter for the General Assembly. We hold G.S. 1-17(b) does not violate the equal protection clause of the constitution of this state or the United States. *See Morey v. Doud*, 354 U.S. 457, 77 S. Ct. 1344, 1 L.Ed. 2d 1485 (1957) and *In re Walker*, 282 N.C. 28, 191 S.E. 2d 702 (1972).

Affirmed.

Judges Martin (Harry C.) and Wells concur.