JOHNNY ALLEN BRITTAIN AND PAULETTE K. BRITTAIN, PLAINTIFFS v. RONALD J. CINNOCA, M.D. AND FRYE REGIONAL MEDICAL CENTER, DEFENDANTS

No. 9225SC166

(Filed 17 August 1993)

1. **Limitations, Repose, and Laches § 22 (NCI4th)— medical malpractice claim—filing not timely—claim barred by statute of limitations**

   The trial court properly dismissed plaintiffs' medical malpractice claim on the ground that it was barred by the three-year statute of limitations where the last act or omission by defendant which could have given rise to this cause of action was 17 March 1988; plaintiff's discovery of the alleged malpractice of defendants was not later than 13 April 1988; plaintiffs filed an application for an extension of time to file

BRITTAIN v. CINNOCA

[111 N.C. App. 656 (1993)]

a complaint on 20 March 1991; plaintiffs then filed a complaint and summons on 9 April 1991; and because the last act or omission by defendants was 17 March 1988 and because the discovery of the injury was made within two years of the last act or omission by defendants, the appropriate time for initiating an action was three years from 17 March 1988. N.C.G.S. § 1-15(c).

**Am Jur 2d, Physicians, Surgeons, and Other Healers § 316 et seq.**

2. **Costs § 36 (NCI4th) — good faith claim for extension or modification of existing law — claim dismissed — denial of attorney's fees proper**

Even though plaintiffs were barred from bringing a medical malpractice action by the three-year statute of limitation pursuant to N.C.G.S. § 1-15(c) and N.C.G.S. § 1-52(16) was inapplicable, plaintiffs nevertheless advanced their claim in good faith for an extension or modification of the existing law, and the trial court was therefore correct in denying defendants' motions for attorney's fees pursuant to N.C.G.S. § 6-21.5.

**Am Jur 2d, Costs §§ 72-86.**

Appeal by plaintiff from order entered 12 August 1991 by Judge Charles C. Lamm, Jr., in Catawba County Superior Court. Heard in the Court of Appeals on 13 January 1993.

On 20 March 1991, plaintiffs Johnny Allen Brittain and Paulette K. Brittain filed an application and order extending time to file a complaint. The complaint was filed on 9 April 1991 by the plaintiffs alleging negligence on the part of both Dr. Cinnoca and Frye Regional Medical Center, based on "Dr. Cinnoca's and Frye Regional Medical Center's negligent and insufficient emergency intervention on 17 March 1988." Defendants filed motions to dismiss and answers in a timely manner.

On 12 August 1991, Judge Charles C. Lamm, Jr. heard the motions to dismiss and motions for attorney's fees. Judge Lamm ruled that the summons and complaint were not filed within the three (3) years of the occurrence of the last act of either defendant giving rise to plaintiffs' cause of action, that discovery provisions of North Carolina General Statutes § 1-15(c) (1983) do not apply, and that the causes of action alleged in the complaint were therefore

barred by the applicable statute of limitations and ordered that the complaint be dismissed. The court further found that plaintiffs made a good faith argument for the extension of existing law and that there was not a complete absence of a justiciable issue of either law or fact raised by the complaint, and therefore, denied defendants' motion for attorney's fees.

Plaintiffs, in open court, gave timely notice of appeal on the statute of limitations issue. Defendant, Ronald J. Cinnoca, M.D. gave timely notice of appeal on the denial of the attorney's fees issue on 26 August 1991. Defendant, Frye Regional Medical Center, gave timely notice of appeal on the denial of attorney's fees issue on 5 September 1991.

*C. Gary Triggs for plaintiffs-appellants.*

*Dameron and Burgin, by E. Penn Dameron, Jr., for defendant-appellee, Ronald J. Cinnoca, M.D.*

*Silverstein and Hodgdon, by Thaddeus B. Hodgdon, for defendant-appellee, Frye Regional Medical Center.*

JOHNSON, Judge.

On 17 March 1988, Johnny Brittain sustained injuries arising out of an automobile accident and sought treatment at Frye Regional Medical Center. The medical center's attending emergency room physician, Ronald J. Cinnoca M.D., provided emergency room treatment to Mr. Brittain, to wit: application of sutures to Mr. Brittain's facial lacerations with instructions that they be removed in five days.

On 22 March 1988, Mr. Brittain, pursuant to the emergency room physician's instructions, consulted his family physician in order to have the sutures removed. At that time, he complained of continuing pain in the area of his facial lacerations.

On 1 April 1988, Mr. Brittain again consulted his family physician, who at that time, noticed asymmetry about Mr. Brittain's face and associated said asymmetry and Mr. Brittain's persistent coughing up blood with a possible facial fracture or other theretofore non-apparent injury. On 13 April 1988, Mr. Brittain underwent surgery for the correction of a facial tripod fracture which had been diagnosed subsequent to Mr. Brittain's initial consultation with defendants. On 20 March 1991, plaintiffs, Johnny Brittain and Paulette Brittain, filed an application for an extension of time to

file a complaint. On 9 April 1991, plaintiffs filed a complaint and summons.

**[1]** Plaintiffs contend that the trial court erred when it granted defendants' motions to dismiss based upon a bar of their claim by a three year statute of limitation. We disagree.

Upon review of a motion to dismiss pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure, the question for the Court is whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief could be granted under some legal theory. *Harris v. NCNB*, 85 N.C. App. 669, 355 S.E.2d 838 (1987). "A legal insufficiency may be due to an absence of law to support a claim of the sort made, absence of fact sufficient to make a good claim or the disclosure of some fact which will necessarily defeat the claim." *State of Tennessee v. Environmental Management Comm.*, 78 N.C. App. 763, 765, 338 S.E.2d 781, 782 (1986).

The trial court, in granting the motion to dismiss, held that plaintiffs failed to bring their claim within the applicable time limit provided by the statutes, and as a result, plaintiffs failed to state a claim upon which relief could be granted.

The statute applicable to a medical malpractice action is North Carolina General Statutes § 1-15(c) which states in pertinent part:

> (c) Except where otherwise provided by statute, a cause of action for malpractice arising out of the performance of or failure to perform professional services shall be deemed to accrue at the time of the occurrence of the last act of the defendant giving rise to the cause of action: Provided that whenever there is bodily injury to the person, economic or monetary loss, or a defect in or damage to property which originates under circumstances making the injury, loss, defect or damage not readily apparent to the claimant at the time of its origin, and the injury, loss, defect or damage is discovered or should reasonably be discovered by the claimant two or more years after the occurrence of the last act of the defendant giving rise to the cause of action, suit must be commenced within one year from the date discovery is made: Provided nothing herein shall be construed to reduce the statute of limitation in any such case below three years. . . .

The statute establishes that medical malpractice may occur out of (1) the performance of professional service, or (2) the failure to perform professional services. *Mathis v. May*, 86 N.C. App. 436, 439, 358 S.E.2d 94, 96, *disc. review denied*, 320 N.C. 794, 361 S.E.2d 78 (1987). Additionally, the statute provides a standard three year statute of limitation for causes of actions arising out of such acts. *Hohn v. Slate*, 48 N.C. App. 624, 269 S.E.2d 307 (1980), *disc. review denied*, 301 N.C. 720, 274 S.E.2d 229 (1981). However, North Carolina General Statutes § 1-15(c) also creates an exception to the standard three year statute of limitation for discovery of a non-apparent personal injury when a non-apparent injury resulting from professional malpractice is discovered more than two years after a defendant's last act. *Thorpe v. DeMent*, 69 N.C. App. 355, 317 S.E.2d 692, *aff'd*, 312 N.C. 488, 322 S.E.2d 777 (1984).

In the instant case, the applicable statute of limitation is the three year statute of limitation. The last act or omission by the defendant which could have given rise to this cause of action was 17 March 1988. Mr. Brittain's discovery of the alleged malpractice of defendants was not later than 13 April 1988, to wit: on 22 March 1988, Mr. Brittain consulted his family physician complaining of facial pain; on 1 April 1988, Mr. Brittain returned to his family physician who noted asymmetry and persistent coughing and associated the symptoms with possible facial fracture or another non-apparent injury; and on 13 April 1988, Mr. Brittain underwent corrective surgery for a facial tripod fracture.

Plaintiffs filed an application for an extension of time to file a complaint on 20 March 1991. Plaintiffs then filed a complaint and summons on 9 April 1991. Because the last act or omission by the defendants was 17 March 1988 and because the discovery of the injury was made within two years of the last act or omission by the defendants, the appropriate time for initiating an action was three years from the date of that incident or 17 March 1991. Plaintiffs failed to commence their action within the appropriate time limitation. Plaintiffs' claim is therefore barred by the three year statute of limitation as found in North Carolina General Statutes § 1-15(c). A statute of limitation can be the basis for dismissal on a Rule 12(b)(6) motion if the face of the complaint discloses that plaintiff's claim is indeed time barred. *Long v. Fink*, 80 N.C. App. 482, 342 S.E.2d 557 (1986).

In addition, plaintiffs argue that the trial court failed to harmonize North Carolina General Statutes § 1-15(c) and § 1-52(16) (1983) which would extend their time to file a claim until plaintiff discovers, or in the exercise of reasonable care should discover, that he was injured as a result of defendants' wrongdoing. However, North Carolina General Statutes § 1-52(16) clearly states that it does not govern actions that arise under North Carolina General Statutes § 1-15(c).

(16) Unless otherwise provided by statute, for personal injury or physical damage to claimant's property, the cause of action, except in causes of actions referred to in G.S. 1-15(c), shall not accrue until bodily harm to the claimant or physical damage to his property becomes apparent or ought reasonably to have become apparent to the claimant, whichever event first occurs. Provided that no cause of action shall accrue more than 10 years from the last act or omission of the defendant giving rise to the cause of action.

North Carolina General Statutes § 1-52(16). As such, we are not at liberty to attempt to harmonize these statutes. We find that the trial judge's decision to grant the motion to dismiss was proper.

[2] Next, defendants cross-assign as error the trial court's ruling that the defendants were not entitled to attorney's fees because plaintiffs made a good faith claim for extension of the existing law and because there was not a complete absence of a justiciable issue of either law or fact raised by plaintiffs' complaint. We agree with the decision of the trial court.

North Carolina General Statutes § 6-21.5 (1986) provides:

In any civil action or special proceeding the court, upon motion of the prevailing party, may award a reasonable attorney's fee to the prevailing party if the court finds that there was a complete absence of a justiciable issue of either law or fact raised by the losing party in any pleading. The filing of a general denial or the granting of any preliminary motion, . . . is not in itself a sufficient reason for the court to award attorney's fees, but may be evidence to support the court's decision to make such an award. **A party who advances a claim or defense supported by a good faith argument for an extension, modification, or reversal of law may not be required under this section to pay attorney's fees.** The court shall make

findings of fact and conclusions of law to support its award of attorney's fees under this section. (Emphasis added.)

In the instant case, plaintiffs filed an application for an extension of time to file a complaint on 20 March 1991. Plaintiffs commenced the action by filing a complaint and summons on 9 April 1991, approximately three years and three weeks after defendants' last act or omission. In their complaint, plaintiffs argued that the statute of limitation, based upon a reading and harmonization of North Carolina General Statutes § 1-15(c) and § 1-52(16), should not begin until plaintiff discovers, or in the exercise of reasonable care should discover, that he was injured as a result of defendants' wrongdoing.

Although we have determined that plaintiffs are barred from bringing the action by the three year statute of limitation pursuant to North Carolina General Statutes § 1-15(c) and that North Carolina General Statutes § 1-52(16) is inapplicable to the case *sub judice*, we do find that plaintiffs advanced their claim in good faith for an extension or modification of the existing law. As such, the trial judge was correct in denying defendants' motions for attorney's fees.

The decision of the trial court is affirmed.

Judges GREENE and MARTIN concur.