LYNDA SPRINGS,Plaintiff v. CITY OF CHARLOTTE, TRANSIT MANAGEMENT OF CHARLOTTE, INC., AND DENNIS WAYNE NAPIER, Defendants

No. COA12-107

(Filed 7 August 2012)

**1. Trials—jurisdiction—substitute judge can reconsider order of retired judge—punitive damages**

The trial court did not err in a negligence and negligent entrustment case by denying defendants' motion to dismiss plaintiff's claim for punitive damages. Judge Caldwell had jurisdiction to render the Section 1D-50 opinion on remand. The language of N.C.G.S. § 1A-1, Rule 63 statutorily authorizes a substitute judge to reconsider an order entered by a judge who has since retired.

**2. Damages and Remedies—punitive damages—motion for directed verdict—motion for JNOV—motion for new trial**

The trial court did not err in a negligence and negligent entrustment case by denying defendants' motion for a directed verdict, JNOV, and a new trial on punitive damages. The evidence taken in the light most favorable to plaintiff, as the non-moving party, was sufficient as a matter of law to get the issue of punitive damages to the jury.

## 3. Costs—expert witness fees—complied with appellate court mandate

The trial court did not abuse its discretion in a negligence and negligent entrustment case by awarding costs to plaintiff. N.C.G.S. § 7A-305(d) must be read in conjunction with N.C.G.S. § 7A-314, and thus, defendants' argument about expert witness fees was without merit. Further, the trial court complied with the mandate issued by the Court of Appeals in *Springs I* and properly assessed costs.

Appeal by Defendants from orders entered 22 August 2011 by Judge Jesse B. Caldwell, III, in Mecklenburg County Superior Court. Heard in the Court of Appeals 6 June 2012.

*The Odom Firm, PLLC, by T. LaFontine Odom, Sr., Thomas L. Odom, Jr. and David W. Murray, for Plaintiff-Appellee.*

*Robert D. McDonnell, for Defendants-Appellants.*

BEASLEY, Judge.

The City of Charlotte and Transit Management of Charlotte, Inc. (Defendants)[1] appeal from orders entered 22 August 2011 by the Honorable Jesse B. Caldwell, III in Mecklenburg County Superior Court. For the following reasons, we affirm each order.

On 14 July 2007, Lynda Springs (Plaintiff) and her husband Earl Springs filed a complaint against Defendants and Dennis Wayne Napier (Napier), asserting claims of negligence and negligent entrustment, and asking for punitive damages, from a 16 June 2004 accident in which Plaintiff was injured. By verdict entered 8 August 2008, a Mecklenburg County jury found that Plaintiff was injured by the negligence of Defendants and awarded $800,000 in compensatory damages and $250,000 in punitive damages. On 17 August 2008, the trial court entered judgment reflecting this verdict. Defendants moved for judgment notwithstanding the verdict (JNOV) and for a new trial on 21 August 2008. Plaintiff filed an amended motion to tax costs against Defendants on 25 August 2008. Plaintiff's motion was granted and Defendants' motion for JNOV was denied by orders entered 6 November 2008. Defendants appealed to this Court, and we affirmed the denial of Defendants' motions but reversed and remanded (i) for reconsideration of the award of costs for expert witness fees and (ii) the punitive damages award to allow the trial court to enter a written

---

1. Original Defendant Dennis Wayne Napier is not a party to this appeal.

opinion in compliance with N.C. Gen. Stat. § 1D-50. *Springs v. City of Charlotte,* ___ N.C. App. ___, 704 S.E.2d 319 (2011) (*Springs I*).

On remand from this Court, the Honorable Jesse B. Caldwell, III entered orders on 22 August 2011 that (i) reconsidered the award of costs and reduced the amount granted to Plaintiff and (ii) entered written reasons for the denial of Defendants' motion for JNOV and a new trial on the issue of punitive damages in compliance with § 1D-50. Defendants argued that the trial court lacked jurisdiction to enter the written reasons due to the retirement of the judge who originally heard the issue, the Honorable Timothy Patti, and thus must dismiss the claim for punitive damages. The trial court denied Defendants' motion to dismiss on those grounds by order filed 22 August 2011. Defendants filed notice of appeal to this Court from all three orders entered 22 August 2011 on 19 September 2011.

I.

**[1]** For an outline of the facts, *see Springs I*. Defendants first argue that the trial court erred in denying their motion to dismiss Plaintiff's claim for punitive damages on the grounds that Judge Caldwell lacked jurisdiction to render Section 1D-50 opinion on remand. We disagree.

Pursuant to N.C. Gen. Stat. § 1D-50 (2011), "[w]hen reviewing the evidence regarding a finding by the trier of fact concerning liability for punitive damages . . . or regarding the amount of punitive damages awarded, the trial court shall state in a written opinion its reasons for upholding or disturbing the finding or award." Judge Patti presided during the trial in this action, entering judgment and the orders denying JNOV and a new trial. However, Judge Patti failed to enter the required Section 1D-50 opinion, an issue upon which this Court remanded. Judge Patti retired from the bench prior to our remand of this case. Judge Caldwell presided over this action on remand, and Judge Caldwell entered the order denying Defendants' motion to dismiss the punitive damage claim for lack of jurisdiction, an order granting costs, and the Section 1D-50 opinion reciting the reasons for upholding the punitive damages award.

Defendant argues that only Judge Patti had jurisdiction to enter the Section 1D-50 opinion. Plaintiff counters, and we agree, that N.C. Gen. Stat. § 1A-1, Rule 63 (2011) authorizes another judge, such as Judge Caldwell, to enter the Section 1D-50 opinion. Rule 63 states, in pertinent part,

[i]f by reason of death, sickness or other disability, resignation, retirement, expiration of term, removal from office, or other reason, a judge before whom an action has been tried or a hearing has been held is unable to perform the duties to be performed by the court under these rules after a verdict is returned or a trial or hearing is otherwise concluded, then those duties, including entry of judgment, may be performed:

(1) In actions in the superior court by the judge senior in point of continuous service on the superior court regularly holding the courts of the district.

This Court has interpreted the language of Rule 63 to statutorily authorize a substitute judge to reconsider an order entered by a judge who has since retired. *See In re Expungement for Kearney*, 174 N.C. App. 213, 214-15, 620 S.E.2d 276, 277 (2005)(holding that a judge erred in denying a motion to reconsider a retired judge's expungement order for lack of jurisdiction because the judge "is statutorily authorized" to address the motion under Rule 63). Defendants point to this Court's opinion *Girard Trust Bank v. F.E. Easton*, 12 N.C. App. 153, 182 S.E.2d 645 (1971) as support for their proposition that their motion to dismiss for lack of jurisdiction was improperly denied. However, as Rule 63 was amended in 2001, the language on which Defendants rely in *Girard* has been removed in favor of the language cited *supra*. Accordingly, we hold that this Court's recent ruling in *Kearney* is controlling and that Judge Caldwell had jurisdiction to enter the Section 1D-50 opinion.

II.

**[2]** Defendants next argue that the trial court erred in denying their motion for a directed verdict, JNOV, and a new trial on punitive damages. We disagree.

"The propriety of granting JNOV is determined by the same considerations as that of the movant's prior motion for directed verdict— whether the evidence, taken in the light most favorable to the non-movant, is insufficient, as a matter of law, to support a verdict for the non-moving party." *Primerica Life Ins. Co. v. James Massengill & Sons Constr. Co.*, ____ N.C. App. ____, ____, 713 S.E.2d 670, 675 (2011). We review a trial court's denial of JNOV *de novo*, so we "consider[] the matter anew and freely substitute[] [our] judgment for that of the trial court." *Id.* at ____, 713 S.E.2d at 676. In contrast, a motion for a new trial "is addressed to the sound discretion of the trial judge, whose ruling, absent abuse of discretion, shall not be disturbed on

appeal." *W.W. Yeargin v. Harvey Spurr, Jr.*, 78 N.C. App. 243, 246, 336 S.E.2d 680, 681 (1985).

Pursuant to N.C. Gen. Stat. § 1D-1 (2011), punitive damages may be awarded "to punish a defendant for egregiously wrongful acts and to deter the defendant and others from committing similar wrongful acts." To justify an award of punitive damages, the claimant must prove that the defendant is liable for compensatory damages and that an aggravating factor— either fraud, malice, or willful or wanton conduct—"was present and was related to the injury[.]" Section 1D-15(a). The existence of an aggravating factor must be proven by clear and convincing evidence. Section 1D-15(b). In the case *sub judice*, the aggravating factor named was willful or wanton conduct, which is defined in the statute as "the conscious and intentional disregard of and indifference to the rights and safety of others, which the defendant knows or should know is reasonably likely to result in injury, damage, or other harm." Section 1D-5(7).

In support of the punitive damages award, Plaintiff argues that Napier was involved in four accidents classified as "preventable" in the time period from 6 January 2002 through 6 April 2004 prior to the accident that injured Plaintiff. Further, Napier was involved in two additional accidents on 30 January 2002 and 1 July 2002 while driving an airport shuttle bus for Defendant City of Charlotte. Although Defendant Transit Management of Charlotte, Inc. (TMOC) argues that it was unaware of the two accidents that occurred while Napier was driving the airport shuttle bus, Napier testified that Defendant City of Charlotte was aware that he was employed by Defendant TMOC and he was told that the accidents were reported to Defendant TMOC.

Plaintiff also presented the testimony of Carmen Daecher, an accident reconstructionist and loss control specialist for commercial vehicle operations, who was offered as an expert in safety as it relates to mass transportation and commercial vehicle operation, particularly with respect to the employment and retention of bus drivers. Daecher testified that from 2002 until the accident in which Plaintiff was injured, Napier was involved in multiple preventable accidents, and that other than counseling or an interview with Napier, there was no intervention on the part of Defendants "in terms of assessing what the problems were or trying to correct behavioral deficiencies that seemed apparent" because all the accidents were preventable. Daecher also opined, based on his training and experience, that due to Napier's history of preventable accidents, there was a higher risk and a higher probability that he would be involved in additional acci-

dents and so it was foreseeable that Napier would be involved in another collision.

The aforementioned evidence, taken in the light most favorable to Plaintiff as the non-moving party, cannot be said to be insufficient as a matter of law to get the issue of punitive damages to the jury. Therefore, the trial court complied with this Court's mandate in *Springs I*, made a written opinion inclusive of the above stated evidence, and did not err in denying Defendants' motions for directed verdict and JNOV nor did the trial court abuse its discretion in failing to award a new trial.

## III.

**[3]** Finally, Defendants argue that the trial court abused its discretion in awarding costs to Plaintiff. Again, we disagree.

Defendants argue that under N.C. Gen. Stat. § 7A-305(d), they can only be made liable for the time experts spend actually testifying, and that trial courts cannot authorize any other compensation for expert witnesses despite Section 7A-314(d) which states that "[a]n expert witness . . . shall receive such compensation and allowances as the court . . . in its discretion, may authorize." Defendants made the same argument to this Court in *Springs I*, and there we held that Section 7A-305(d) must be read in conjunction with Section 7A-314 and thus Defendants' argument is without merit. *Springs I*, ____ N.C. App. at ____, 704 S.E.2d at 327. It is well-settled that "a panel of the Court of Appeals is bound by a prior decision of another panel of the same court addressing the same question, but in a different case, unless overturned by an intervening decision from a higher court." *In re Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989). Further, in awarding costs to Plaintiff, the trial court complied with the mandate issued by this Court in *Springs I* and properly assessed costs.

Affirmed.

Judges HUNTER, Robert C. and GEER concur.